### STRAFFORD.

---

### WOOLEY *v.* ROCHESTER.

In an action upon the statute of highways, a town is not estopped to deny the existence of a highway which has not been established in a statutory method, but which the town has voted to accept, and has kept in repair less than twenty years.

CASE, on the statute of highways, for damage happening to a traveller December 16, 1878. The plaintiff offered to show that the way was laid out, built, and dedicated to the public in 1862 by the owners of the land over which it passed; that at a legal town-meeting, March 10, 1863, due notice having been given by an article in the warrant, the town voted to accept the road, and ever since that time the town has kept it in repair, and used and treated it as a public highway.

*Copeland & Edgerly,* for the plaintiff. As a general rule, corporations have the power to waive their legal rights, and are bound by implication and estoppel *in pais* like natural persons. They cannot claim exemption from the operation of the rules and maxims which are established to enforce good faith and fair dealing among individuals. *Gilbert* v. *Manchester,* 55 N. H. 303; *Hale* v. *Ins. Co.,* 32 N. H. 299; *Heath* v. *Franklin Ins. Co.,* 1 Cush. 257; *Clark* v. *N. E. Ins. Co.,* 6 Cush. 342; *Concord* v. *Concord Bank,* 16 N. H. 29; Big. Est. 464–466. When one by his words or conduct wilfully causes another to believe in the existence of a certain state of things, and induces him to act on that belief, or to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time. *Pickard* v. *Sears,* 6 A. & E. 469; *Davis* v. *Handy,* 37 N. H. 65; *Simons* v. *Steele,* 36 N. H. 73; *Odlin* v. *Gove,* 41 N. H. 465; *Drew* v. *Kimball,* 43 N. H. 285; *Horn* v. *Cole,* 51 N. H. 287; *Stevens* v. *Dennett,* 51 N. H. 324; *Heath* v. *Derry Bank,* 44 N. H. 174; *McMahon* v. *Ports. Ins. Co.,* 22 N. H. 15. The representations are to be regarded as wilful when

the person making them means them to be acted on, or so conducts himself that a reasonable man would believe the representations were intended to be acted upon. *Freeman* v. *Cooke*, 2 Ex. 654; *Horn* v. *Cole*, 51 N. H. 287; *Hill* v. *Epley*, 31 Penn. St. 334; *Copeland* v. *Copeland*, 28 Me. 525; *Barnard* v. *Pope*, 14 Mass. 437; *Morgan* v. *R. R.*, 96 U. S. 716.

If the way in question, although not laid out in the mode prescribed by statute, had been in use more than twenty years, it would have been a legal highway, and the doctrine of estoppel would not apply. In the application of the doctrine of estoppel, the question whether the acts done by the parties are legally affected, is excluded. It rests on a broad principle of equity that will not permit a party to a transaction to receive its fruits, and afterwards repudiate it. The defendant town intended, by their acts, to make the way in question a public highway, and they have, since the 10th day of March, 1863, used and occupied it, and treated it as a public highway; and it is a principle of universal application, that a party assenting to an act, and deriving and enjoying a title under it, shall not be permitted to impeach it. 2 Wash. R. P., *b.* 3, 472; *Van Rensselœr* v. *Kearney*, 11 How. 297, 322, 325, 326; *Higinbotham* v. *Burnet*, 5 Johns. Ch. 184; *Smith* v. *Sheeley*, 12 Wall. 358; *Myers* v. *Croft*, 13 Wall. 291.

*Worcester & Gafney*, for the defendants.

DOE, C. J. There is no offer to prove the facts of an estoppel. The plaintiff does not propose to show that she acted upon, was induced to change her position by, or had any knowledge of, the vote of the town, or the repair of the road by the town, or that she would not have been in the road if she had not been led into an erroneous belief of its legal character by some untruthful statement or deceptive action of the town. And her knowledge of the vote and repairs would not have suspended the operation of the statute which prohibits that method of establishing a highway. The action cannot be sustained without repealing the statute, which provides that "highways are only such as are laid out in the mode prescribed therefor by statute, or as have been used as such for public travel thereon    *    *    *    for twenty years," and enacting that highways may be established by a municipal vote of acceptance, and municipal repairs, or by a public use of less than twenty years. Gen. Sts., *c.* 68, *s.* 8; *State* v. *Morse*, 50 N. H. 9, 18; *Tilton* v. *Pittsfield*, 58 N. H. 327.

*Nonsuit.*

BLODGETT, J., did not sit: the others concurred.